# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2591
Lower Tribunal No. 13-30482
_____

**Perez-Gurri Corporation, etc.,**
Appellant,

vs.

**Don McLeod, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

GPG Law, and Christopher J. Perez-Gurri (Fort Lauderdale); Samson Appellate Law, and Daniel M. Samson, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez and Karen M. Shimonsky (Tampa), for appellee M2G2 Architects, LLC.

Before LOGUE, SCALES, and LUCK, JJ.

LOGUE, J.

Perez-Gurri Corporation (the General Contractor) appeals a trial court order dismissing its action against defendants Engineering Design Associates, Inc., Mitchell Stewart, and Robert Salsbury (the EDA Defendants). We reverse. The General Contractor is not contractually barred from bringing a delay damages claim against these defendants and the General Contractor should be allowed an opportunity to amend its complaint to address the trial court's added ruling—made without notice to the parties—that the complaint did not meet minimum pleading standards against these defendants.

The General Contractor is a Florida construction company that successfully bid on, and became the general contractor for, a City of Miami renovation project for the Caribbean Marketplace in Little Haiti. The City's prime consultant on the project subcontracted with an architect who, in turn, subcontracted with the EDA Defendants to prepare mechanical, electrical, and plumbing design services. When construction on the renovation project was delayed, the General Contractor sued the EDA Defendants.

In its fourth amended complaint, the General Contractor alleged that the delay was caused by the EDA Defendants' professional malpractice in the preparation of the design documents for the renovation project. The EDA Defendants moved to dismiss the complaint, arguing in part that a "No Damages

for Delay" clause in the contract between the General Contractor and the City of Miami insulated the EDA Defendants from liability.

In October 2015, the trial court entered a nonfinal order granting the EDA Defendants' motion to dismiss based on the "No Damages for Delay" clause in the contract between the General Contractor and the City. The General Contractor moved for entry of final judgment so it could challenge on appeal the trial court's interpretation of the General Contractor-City contract. The trial court indicated that in order for it to enter a final dismissal with prejudice, the General Contractor would have to "affirmatively state that [it] cannot embrace another theory because it has to be clear that the Court is allowing [it] leave to amend." The General Contractor thereafter gave formal notice that it was not going to amend its complaint as to the claims brought against the EDA Defendants. It stated, "[i]n light of this Court's findings of fact and conclusions of law, including those that relate to the contract, Plaintiff believes that any further amendment would be futile."

The trial court entered its final judgment of dismissal in February 2016. However, in addition to its prior ruling that the General Contractor's claims were precluded by the "No Damages for Delay" clause, the trial court added a new basis for dismissal—that the General Contractor failed to meet minimum pleading requirements. This appeal followed.

We reverse and remand for two reasons. First, for the reasons explained in the companion case of <u>Perez-Gurri Corp. v. McLeod</u>, No. 3D15-2590 (Fla. 3d DCA Nov. 22, 2017), the "No Damages for Delay" clause in the contract between the General Contractor and the City insulates only the City from liability for delay damages.

Second, we conclude it was error to add an alternate basis for dismissal not raised by the parties—a pleading deficiency—without first giving the General Contractor notice of this new ground and an opportunity to amend its complaint. The record shows that the General Contractor's statement that it would not amend its complaint was predicated solely on its effort to appeal the trial court's dispositive ruling that the delay damages clause protected the EDA Defendants. Prior to making that statement, the General Contractor had no notice that the trial court was going to dismiss its case on the alternative basis that the pleadings were insufficient. Accordingly, we reverse and remand for the trial court to provide the General Contractor an opportunity to amend its complaint against the EDA Defendants.

Reversed and remanded.